**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHMOND HOMES MANAGEMENT,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

No. 96-1035

RAINTREE, INCORPORATED; JARED L.
LAKE; SUNSET INVESTMENTS,
INCORPORATED,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-93-47-C)

Submitted: September 17, 1996

Decided: December 10, 1996

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George H. Dygert, DYGERT & HEMENWAY, Charlottesville, Vir-
ginia, for Appellants. Thomas O. Bondurant, Jr., BONDURANT &
BENSON, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raintree, Inc., Sunset Investments, Inc., and Jared L. Lake (collectively "Raintree"), appeal from the district court's judgment following remand by this court[1] recalculating the damages award to Richmond Homes Management, Inc. ("RHMI"), based on the finding that Raintree infringed the copyright on an architectural design owned by RHMI (the "Louisa copyright").[2] In our prior opinion, we found that with the exception of the district court's original inclusion of damages resulting from the infringement of the copyright we determined was not owned by RHMI (the "Heritage copyright"), the district court's calculation of damages in this case was sound. We also held that the Heritage and Louisa copyrights could not be merged as derivative creations of the same owner. Finally, we held that on remand, damages were to be determined based only on the thirteen homes that infringed on the Louisa copyright.

On remand, the district court recalculated the damages award to exclude any alleged damage resulting from the Heritage copyright. On appeal, Raintree claims that the district court clearly erred because it failed to reduce the damage award on remand based on the derivative influence of the non-owned copyright.

We find the district court's recalculation of damages on remand to be consistent with the prior opinion of this court. Accordingly, we

_____

[1] **See Richmond Homes Management, Inc. v. Raintree, Inc.**, No. 94-2214(L) (4th Cir. Sept. 18, 1995) (unpublished).
[2] This court reversed and remanded in part the district court's original finding that Raintree infringed the copyrights on two architectural designs, concluding that RHMI failed to prove that it owned one of the copyrights at issue. Id. The relevant facts are set forth fully in this court's prior opinion and will not be repeated here.

2

affirm the district court's order, and specifically, its imposition of joint and several liability on behalf of RHMI in the amount of $199,848 for infringement of RHMI's Louisa copyright. We deny Raintree's motions for expedited review, and for attorneys' fees pursuant to Fed. R. Civ. P. 11. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3